FILED

2019 MAR 13 PM 1:32

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVSION

Marissa Reyes, individually and on behalf of all others similarly situated;

Plaintiff,

CIVIL ACTION NO.

CLASS ACTION COMPLAINT

DEMAND FOR JURY TRIAL

-v.-

Webcollex, LLC dba CKS Financial, Oliphant Financial LLC And John Does 1-25,

2:19-CV-153-FtM-29MRM

Defendant(s).

Plaintiff Marissa Reyes (hereinafter, "Plaintiff" or "Murray") brings this Class Action Complaint by and through her attorneys, Zeig Law Firm, LLC, against Defendant Webcollex, LLC dba CKS Financial (hereinafter "Defendant CKS") and Defendant Oliphant Financial LLC (hereinafter "Defendant Oliphant") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to

1

material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws...[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Florida consumers under §1692 et seq. of Title 15 of the United States Code, the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## **PARTIES**

7. Plaintiff is a resident of the State of Florida, with her principle residence located at 800 Coolidge Ave, Lehigh Acres, County of Lee, Florida 33936.

8. Defendant CKS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA with an address at 505 Independence Parkway, Ste 300, Chesapeake, VA 23320 and can be served process upon its registered agent, C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

9. Defendant Oliphant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA with an address at 1800 2nd St., Suite 603, Sarasota Fl 34236-5946 and can served process upon its registered agent, Corporation Service Company at 1201 Hays Street, Tallahassee, FL 32301.

10. Upon information and belief, Defendant CKS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Upon information and belief, Defendant Oliphant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

   a. all individuals with addresses in the State of Florida;

   b. to whom Defendant CKS sent an initial collection letter attempting to collect a consumer debt;

   c. presumably on behalf of Defendant Oliphant;

   d. that failed to properly identify the name of the current creditor to whom the debt was allegedly owed;

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class members, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ 1692e and 1692g.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is \whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e and §1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter.

        Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21.    Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23.    Some time prior to March 13, 2018, an obligation was allegedly incurred to Mid America Bank and Trust - Matrix.

24. The Mid America Bank and Trust - Matrix obligation arose out of transactions in which money, property, insurance or services were the subject of the transactions, were primarily for personal, family or household purposes.

25. The alleged Mid America Bank and Trust - Matrix obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Mid America Bank and Trust - Matrix is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27. Defendant Oliphant, a debt collector, and the presumable subsequent owner of the Mid America Bank and Trust - Matrix debt, contracted the Defendant CKS to collect the alleged debt.

28. Defendants CKS and Oliphant collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – March 13, 2018 Collection Letter*

29. On or about March 13, 2018, Defendant CKS sent Plaintiff an initial contact notice (the "Letter"). See Letter at Exhibit A.

30. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, notify the consumer in writing of:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

31. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

32. Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." Russell, 74 F.3d at 34.

33. Defendants' Letter fails to contain all the requirements as set forth in 15 U.S.C. §1692g. Specifically, this Letter deceptively fails to identify who the current creditor is to whom the alleged debt is owed.

34. The Letter lists Mid America Bank and Trust - Matrix – as the Original Creditor but nowhere does the Letter clearly identify who the current creditor is as is required by the FDCPA.

35. The letter merely states that Defendant Oliphant purchased the Mid America Bank and Trust - Matrix debt but never lists Oliphant as the current creditor.

36. It is deceptive to not clearly state who the current creditor is in any collection letter sent to a consumer.

37. The FDCPA requires that the letter must specifically and clearly state who the creditor is.

38. Defendants have failed to provide the consumer with a proper, initial communication letter by failing to clearly identify the current creditor of the debt.

39. Plaintiff incurred an informational injury as Defendants failed to advise her of the identity of her current creditor.

40. Plaintiff was confused as to whom she allegedly owed the money and could not ascertain whether she actually owed the debt.

41. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

44. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45. Defendant violated §1692e :

    a. By making a false and misleading representation in violation of §1692e(10).

46. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

49. Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    i. The amount of the debt;

    ii. The name of the creditor to whom the debt is owed;

    iii. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

    iv. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    v. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

50. Pursuant to 15 U.S.C. §1692g, a debt collector must clearly notify the consumer of the name of the creditor to whom the debt is owed. §1692g(a)(2).

51. This notice must be properly conveyed so that the consumer is clearly advised to whom the alleged debt is owed.

52. Defendants violated this section by unfairly failing to advise Plaintiff as to the identity of the current creditor to whom she owed the debt.

53. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

54. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Marissa Reyes, individually and on behalf of all others similarly situated, demands judgment from Defendant Webcollex, LLC dba CKS Financial and Defendant Oliphant Financial LLC, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 8, 2019          Respectfully Submitted,

ZEIG LAW FIRM, LLC
/s/ Justin Zeig
Justin Zeig, Esq.
FL Bar No. 112306
3475 Sheridan Street, Suite 310
Hollywood, FL 33021
Telephone: 754-217-3084
Fax: 954-272-7807
justin@zeiglawfirm.com
*Attorneys for Plaintiff*