UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARISSA REYES, individually
and on behalf of all others
similarly situated,

    Plaintiff,

v.                      Case No: 2:19-cv-153-FtM-29MRM

WEBCOLLEX, LLC, OLIPHANT
FINANCIAL, LLC, and JOHN
DOES 1-25,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Webcollex, LLC's Motion to Dismiss (Doc. #10) filed on May 2, 2019. Plaintiff filed a Response in Opposition (Doc. #14) on June 3, 2019, and defendant Webcollex, LLC filed a Reply on June 13, 2019 (Doc. #21). Defendant Webcollex, LLC filed a Notice of Supplemental Authority on December 27, 2019 (Doc. #31). Defendant Oliphant Financial, LLC filed a Notice of Joinder in defendant Webcollex, LLC's Motion to Dismiss (Doc. #32) on December 27, 2019. For the reasons set forth below, the motion is granted.

**I.**

Plaintiff Marissa Reyes (Plaintiff) filed a Class Action Complaint (Doc. #1) on March 13, 2019. In it, Plaintiff asserts claims against defendants Webcollex, LLC d/b/a CKS Financial (CKS

Financial), Oliphant Financial, LLC (Oliphant), and John Does 1-25 (collectively, Defendants) under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, (the FDCPA). Specifically, Plaintiff alleges that Defendants violated 15 U.S.C. §1692e(10) of the FDCPA (Count I) and 15 U.S.C. §1692g(a)(2) of the FDCPA (Count II).

According to the Class Action Complaint (Doc. #1): At some point prior to March 13, 2018, Plaintiff incurred a debt to Mid America Bank and Trust – Matrix (Mid America Bank). (Doc. #1, ¶ 23.) On an unspecified date, Oliphant purchased Plaintiff's Mid America Bank debt and contracted with CKS Financial to collect the debt. (Id. ¶ 27.)

On or about March 13, 2018, CKS Financial sent Plaintiff an "initial contact notice" letter (the Letter). (Id. ¶ 29.) The Letter contains the following heading:

Marissa Reyes
[Redacted]
[Redacted]

CKS Account ID: [Redacted]
Balance: $826.16

| Original Creditor: Mid America Bank and Trust – Matrix | Charge-off: $826.16 on 12/31/2016 |
|---|---|
| Original Account Number Ending In: [Redacted] | Post Charge-Off Interest: $.00 |
| Last Payment to Original Creditor: $75.00 on 08/24/2016 | Post Charge-Off Fees: $.00 |
| | Post Charge-Off Payments: $.00 |

2

(Doc. #1-1, p. 2.)  The body of the letter provides the following information:

> This letter serves as notification to inform you that Oliphant Financial, LLC purchased your referenced Mid America Bank and Trust – Matrix account which has been placed with our office.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> You may call our office at (888) 273-8454 if you want to speak with a representative. Our office hours are Monday through Thursday 8:00 AM to 8:00 PM and Friday 8:00 AM to 5:00 PM, Eastern Standard Time.
>
> Please send all correspondence to: CKS Financial, P.O. Box 2856, Chesapeake, VA 23327-2856.
>
> It's easy to manage your account and make a payment online. Please visit www.cksfin.com.
>
> **NOTICE: SEE REVERSE SIDE OF THIS LETTER FOR IMPORTANT INFORMATION**
>
> CKS Financial
>
> Webcollex, LLC dba CKS Financial – 505 Independence Parkway, Suite 300, Chesapeake, VA 23320 888-273-8454
>
> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

(Id.)(emphasis in original).

In Count I, Plaintiff asserts that Defendants made a false and misleading representation in violation of 15 U.S.C. § 1692e(10) by failing to properly identify Plaintiff's current creditor in the Letter. In Count II, Plaintiff similarly alleges that Defendants violated 15 U.S.C. §1692g(a)(2) by "unfairly failing to advise Plaintiff [in the Letter] as to the identity of the current creditor to whom she owed the debt." (Doc. #1, ¶ 52.)

On December 4, 2019, Plaintiff filed a Motion for Entry of Default (Doc. #24) against Oliphant for Oliphant's failure to respond to Plaintiff's claims. The Magistrate Judge granted Plaintiff's Motion for Entry of Default on December 4, 2019 (Doc. #25), and the Clerk entered default as to Oliphant on December 5, 2019 (Doc. #26). On December 10, 2019, Plaintiff and Oliphant filed a Joint Motion to Vacate Default Judgment (Doc. #29), which the Magistrate Judge granted on December 11, 2019 (Doc. #30).[1]

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[1] In the Joint Motion, the parties note that Oliphant failed to respond to Plaintiff's Class Action Complaint because the Magistrate Judge had stayed all deadlines in the case pending the Court's resolution of CKS Financial's Motion to Dismiss. (Doc. #29, p. 3.)

This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether

5

they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

Defendants CKS and Oliphant[2] now move to dismiss Counts I and II of the Class Action Complaint. CKS and Oliphant assert they are entitled to dismissal of these Counts because the Letter "clearly inform[ed] [Plaintiff] that Oliphant owns" her debt and thus "complies with the FDCPA." (Doc. #10, p. 3.)

**A.  The § 1692g(a)(2) Claim[3]**

In Count II, Plaintiff asserts that Defendants violated § 1692g(a)(2) of the FDCPA because the Letter "fail[ed] to advise Plaintiff as to the identity of the current creditor to whom she owed the debt." (Doc. #1, ¶ 52.) CKS and Oliphant argue they are entitled to dismissal of this claim because the Letter "clearly inform[ed]" Plaintiff that Oliphant is her current creditor. (Doc. #10, p. 5.)

Section 1692g(a)(2) requires a debt collector to "send [a] consumer a written notice containing . . . the name of the creditor to whom the debt is owed . . . [w]ithin five days after the initial

---

[2] As noted *supra*, on December 27, 2019, Oliphant filed a Notice of Joinder (Doc. #32) in CKS Financial's Motion to Dismiss.

[3] Because Defendants' alleged failure to identify Oliphant as Plaintiff's current creditor is directly encompassed by the § 1692g(a)(2) claim in Count II, the Court first addresses Defendants' arguments as to Count II.

communication with [the] consumer in connection with the collection of any debt." To satisfy this provision, "the debt collector's notice must state the required information clearly enough that the recipient is likely to understand it." Leonard v. Zwicker & Assocs., P.C., 713 F. App'x 879, 882 (11th Cir. 2017)(citation and quotations omitted). "In other words, the notice should be clear enough that a naïve consumer comes away from the notice understanding the 'identity of the creditor.'" Id.(citation omitted).

"The FDCPA does not state how a creditor must be named in order to comply with § 1692g . . . ." Id. at 883. In determining whether a debt collector's notice complies with § 1692g(a)(2), courts apply "the least sophisticated consumer" standard. See Lait v. Med. Data Sys., Inc., 755 F. App'x 913, 916 (11th Cir. 2018); Leonard, 713 F. App'x at 882.[4] This standard does not ask "whether the particular plaintiff-consumer was deceived or misled; instead, the question is whether the least sophisticated consumer would have been deceived by the debt collector's conduct."

---

[4] The Eleventh Circuit has not explicitly ruled that the "least sophisticated consumer" standard applies to § 1692g(a)(2). However, the Eleventh Circuit has found "no reason to disagree with [] other circuits" applying this standard to § 1692g(a)(2) and has "assume[d] that the standard applies." Leonard, 713 F. App'x at 882 n.2. The Court proceeds under the Eleventh Circuit's assumption that this standard applies to § 1692g(a)(2).

7

Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1258 (11th Cir. 2014)(citation and quotation omitted).

The least sophisticated consumer is "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1194 (11th Cir. 2010)(citation and quotation omitted). The test also has "an objective component in that [w]hile protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." Id. (citation and quotation omitted).

In general, "the question of whether the least sophisticated consumer would be confused or misled by a debt collector's communication is one for the jury." Leonard, 713 F. App'x at 882. However, whether a plaintiff has plausibly alleged that a defendant's conduct violates the least sophisticated consumer standard "under § 1692g is a legal question for the court." Id.

Here, the Letter clearly refers to Mid America Bank as the "Original Creditor" on Plaintiff's debt, and it includes her "Original Account Number" and her "Last Payment to Original Creditor." (Doc. #1-1, p. 2.) The Letter further states that Oliphant purchased the "referenced Mid America Bank and Trust – Matrix account" from this "Original Creditor" and that the account was "placed with [CKS'] office." (Id.) Because such a letter is

"not receive[d] . . . in a vacuum," the least sophisticated consumer is "expected to connect the dots on a collection letter that lists" Mid America as the "Original Creditor" and states that Oliphant purchased Plaintiff's account from her "Original Creditor." Lait, 755 F. App'x at 916. In connecting the dots under these circumstances, the Court finds that the least sophisticated consumer is expected to understand that Oliphant is Plaintiff's current creditor, given that it purchased Plaintiff's account from her "Original Creditor," Mid America Bank. Indeed, the least sophisticated consumer is presumed to have "a willingness to read a collection notice with some care." LeBlanc, 601 F.3d at 1194. The Court therefore concludes that the Letter correctly identifies Oliphant as Plaintiff's current creditor under § 1692g(a)(2).[5]

Courts have found similar notification letters insufficient to give rise to a claim under § 1692g. See Huyghue v. Shafritz & Assocs., P.A., No. 5:18-CV-29-OC-30PRL, 2018 WL 7457827, at *3

---

[5] Plaintiff argues that in a case where a party's debt is purchased by a "debt buyer," the failure "to state the name of the current creditor [in a notification letter] violates 15 U.S.C. §1692g as a matter of law." (Doc. #14, p. 7.) Plaintiff, however, provides no citation for this assertion. To the extent Plaintiff contends that such a letter must explicitly use the term "creditor" to identify a current creditor, "[t]he FDCPA does not state how a creditor must be named in order to comply with § 1692g" and the Eleventh Circuit has declined to adopt a "strict requirement." Leonard, 713 F. App'x at 883.

9

(M.D. Fla. Apr. 12, 2018); Nyasimi v. Durham & Durham, LLP, No. 1:17-CV-1249-AT-LTW, 2017 WL 8221399, at *5 (N.D. Ga. Nov. 17, 2017).  In Huyghue, the plaintiff incurred medical-related debt and received a letter from a debt collector that stated, "'This letter is to inform you that the above-referenced accounts have been assigned to our client, CF Medical, LLC.'"  Huyghue, 2018 WL 7457827, at *3.  Although the debt-collector's letter did not explicitly use the word "creditor" to identify CF Medical, LLC as the plaintiff's current creditor, the court found that letter complied with § 1692g and the plaintiff therefore failed to state a claim under § 1692g(a)(2).  Id.  The court reasoned that the letter identified the plaintiff's creditor under § 1692g "by stating that the referenced medical accounts were assigned to CF Medical, LLC, and providing the balance owed on the accounts."  Id.("The FDCPA does not require a more specific form of identifying the creditor than Defendant provided in its letter, so the Complaint fails to state a claim that the letter violates § 1692g.").

Similarly, the plaintiff in Nyasimi incurred medical-related debt and received a debt collection letter from a debt collector. Nyasimi, 2017 WL 8221399, at *4-*5.  Although the letter did not explicitly refer to the plaintiff's "creditor," the court concluded that the plaintiff failed to state a claim under § 1692g. Id.  The court reasoned that the letter's header was sufficient

"to alert the least sophisticated consumer" to the creditor's identity because it included the creditor's name, "the nature of the alleged debt,[] the date of the service triggering the debt, and the amount of the outstanding balance owed . . . ." Id., at *4.

Because the Letter correctly identifies Oliphant as Plaintiff's creditor as discussed *supra*, the Court finds that Plaintiff has failed to state a plausible claim under § 1692g(a)(2).[6] To the extent Plaintiff claims that Defendants made other representations in violation of § 1692g, Plaintiff may assert such a claim in an amended complaint. Count II is therefore dismissed without prejudice.

**B. The §1692e(10) Claim**

In Count I, Plaintiff asserts that Defendants "ma[de] a false and misleading representation in violation of § 1692e(10)." (Doc. #1, ¶ 45.) Plaintiff contends that Defendants made such false and misleading representations by failing to identify Oliphant as Plaintiff's current creditor in the Letter. Defendants move to dismiss this claim, arguing that the Letter correctly identifies Oliphant as Plaintiff's current creditor.

---

[6] The Court also finds that Oliphant is entitled to dismissal of Count II because this claim does not allege that the Letter is attributable to Oliphant. The Class Action Complaint states that CKS Financial – not Oliphant – sent the Letter to Plaintiff.

11

Section 1692e(l0) of the FDCPA prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." A claim under § 1692e(l0) is subject to the same "least sophisticated consumer" analysis as a claim under § 1692g. Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1177 (11th Cir. 1985). As noted *supra*, the question is not "whether the particular plaintiff-consumer was deceived or misled; instead, the question is whether the least sophisticated consumer would have been deceived by the debt collector's conduct." Crawford, 758 F.3d at 1258.

For the reasons discussed above, the Court finds the Letter correctly identifies Oliphant as Plaintiff's current creditor. The Court thus concludes that Plaintiff has failed to plausibly allege that Defendant made "a false and misleading representation" in violation of § 1692e(l0).[7] To the extent Plaintiff alleges Defendants made other "false and misleading representation[s]" in violation of § 1692e, Plaintiff may assert such a claim in an amended complaint. Count I is therefore dismissed without prejudice.

---

[7] For the same reason noted *supra*, the Court finds Oliphant is also entitled to dismissal of Count I because Plaintiff does not allege facts indicating that Oliphant sent Plaintiff the Letter. The Class Action Complaint only states that CKS Financial sent the Letter to Plaintiff.

12

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. #10) is **GRANTED**.

2. Count I is **dismissed without prejudice**.

3. Count II is **dismissed without prejudice**.

4. Plaintiff may file an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of February, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record